# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

GERARDO DE JESUS MATUTE-SANTOS,

    Petitioner,

v.                                           CASE NO: 8:06-cv-793-T-30TBM
                                                                 Crim. Case No: 8:04-cr-246-T-30TBM

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) filed on April 28, 2006. The Court has undertaken a preliminary review of the motion and the prior proceedings in the underlying criminal case[1] as required by Rule 4(b) of the Rules Governing §2255 Proceedings for the United States District Courts (2005).[2] After doing so, the Court concludes that this motion is due to be summarily denied without an evidentiary hearing because it plainly appears from the face of the motion and the prior criminal proceedings that Petitioner is entitled to no relief. Consequently, the Court needs no response from Respondent.

---

[1] See case number 8:04-cr-246-T-30TBM.

[2] Rule 4(b) provides, in pertinent part, that "[t]he judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

**Background**

Petitioner, GERARDO DE JESUS MATUTE-SANTOS (hereinafter referred to as "Santos" or "Petitioner"), was arrested aboard the Miss Lorraine, an 80-foot long Honduran fishing vessel, approximately 80 nautical miles off the coast of Panama. The U. S. Coast Guard, after receiving permission from Honduras to board and search the Miss Lorraine, discovered a hidden compartment in the fuel tank which contained approximately 2,640 kilograms of cocaine. Petitioner was indicted on two counts: (1) knowingly and willfully conspiring to possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, while aboard a vessel, in violation of 46 App. U.S.C. §1903(g) and 1903(j) and 21 U.S.C. §960(b)(1)(B)(ii), and (2) knowingly and willfully possessing with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, while aboard a vessel, in violation of 46 App. U.S.C. §1903(a),(g) and 21 U.S.C. §960(b)(1)(B)(ii). Petitioner pled guilty to both counts. At the plea hearing, the Government stated the above facts concerning the criminal offenses. After the recitation, the Court asked Petitioner, "(i)s that what occurred in this case?" Petitioner agreed only to the facts necessary to prove all the elements of the offense and only to the facts set forth in the Indictment.

At the sentencing hearing, this Court discussed the presentence report ("PSR") with Petitioner. The PSR stated that approximately 2,200 kilograms of cocaine were found aboard the Miss Lorraine and used that quantity, instead of the five kilograms mentioned in the Indictment, to begin the guideline calculation at a base level of 38 pursuant to U.S.S.G.

§2D1.1(c)(1).[3]  This Court asked Petitioner if he objected to the calculations set forth in the report.  Petitioner responded that he only admitted the drug quantity set forth in the Indictment and raised a Blakely[4] objection to this Court's finding of drug quantity based upon a preponderance standard.  The Court offered to impanel a jury to determine the drug quantity beyond a reasonable doubt, but explained that, in doing so, Santos would lose the three points for acceptance of responsibility in calculating the guideline sentence.  The Court granted Petitioner a continuance of the sentencing to discuss the situation with his attorney and decide how he would like to proceed.

At the second sentencing hearing, Petitioner withdrew his earlier objection based on the Sixth Amendment, and asked to preserve his Fifth Amendment objection that the Indictment contained only the drug quantity of "five kilograms or more."  Petitioner agreed to the Court proceeding with the sentencing and making a judicial finding of weight based on a preponderance of the evidence standard.

The Court then made a finding of fact as to drug quantity, to wit: 2,220 kilograms as set forth in the PSR.  Petitioner was then sentenced to 168 months, the low end of the applicable guideline range.

Petitioner appealed his sentence to the Eleventh Circuit Court of Appeal which affirmed this Court's disposition of the case.  United States v. Matute-Santos, 168 Fed. Appx. 343, 2006

---

[3] A base offense level of 38 is called for when the quantity of cocaine is 150 kilograms or more.

[4] Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed. 2d 403 (2004) (holding that the sentencing judge violated the Sixth Amendment right to a jury trial by enhancing the guideline offense level based on facts that neither were charged in the Indictment nor proven to a jury beyond a reasonable doubt.)

WL 372325 (11th Cir. 2006).

## Discussion

Petitioner now brings this §2255 motion to set aside his sentence, raising the same grounds that he asserted on appeal in the Eleventh Circuit.

**Ground One:**   Constructive amendment to Indictment and variances occurred in my case since evidence I plead to is different from what I got sentenced on.

In support of this ground, Petitioner states:

I plead to knowingly and willfully conspiring to possess with intent to distribute five kilograms . . . of cocaine while aboard a vessel, in violation of 46 App. U.S.C. §1903(a),(g),(j) and 21 U.S.C. §960(b)(1)(B)(ii). However at sentencing, the Judge hit me with 2200 Kilograms. This constitute [sic] an [sic] constructive amendment to indictment and a variance. The constructive amendment violated the Grand Jury clause of the 5th Amendment to U.S. Constitution.

This is the same argument Petitioner made before this Court at his sentencing and before the Eleventh Circuit on his direct appeal. Petitioner misperceives the law as stated in Booker[5] and Blakely. As the Eleventh Circuit explained:

Booker and Blakely are based on Sixth Amendment principles dealing with the right to a jury trial, and do not support the proposition that Santos' Fifth Amendment rights were violated based on the indictment's failure to allege the quantity of cocaine. See generally, Blakely, 542 U.S. 296, 124 S.Ct. 2531,L.Ed. 2d 403; Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed. 2d 621.

In addition, our precedent has made it clear that it is not necessary that the allegations in an indictment set forth any specific quantity of drugs. See United States v. Maldenado Sanchez, 269 F.3d 1250 (11th Cir. 2001), cert denied, 535 U.S. 942.

. . .

---

[5] United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed. 2d 621 (2005).

It is clear in this record that Santos waived any <u>Booker</u> and <u>Blakely</u> arguments when he expressly withdrew his Sixth Amendment objection in the district court. The district court explained to Santos that if it was his desire to have a jury determine the quantities of drugs involved, such a request would be granted. In that instance, the burden of proof would be beyond a reasonable doubt. The court granted Santos a recess so that he could consider this offer. Santos declined the offer. At the second sentencing hearing, Santos withdrew his earlier objection based on the Sixth Amendment, and asked the court to preserve his Fifth Amendment objection that the indictment contained no "notice" of drug quantity. The district court clarified his withdrawal by asking:

> (S)o (Santos') objection is that the indictment does not contain a specific weight above 5 kilograms? He does not object to me proceeding with the sentencing and the finding of weight based on a preponderance of the evidence standard?

Defense counsel agreed. Under these circumstances Santos has waived any objection to a "judicial" drug quantity finding based upon a preponderance of the evidence standard, whether based on the Sixth Amendment or the Fifth Amendment. In other words, the foregoing colloquy constitutes an express agreement the judge can find the weight of the drug based on a preponderance of the evidence. Santos will not be heard now to argue, contrary to that agreement, that the judge should not have made such findings.

Ground one has no merit and will be denied.

**<u>Ground Two:</u>**     This guilty plea was entered unknowingly and involuntarily.

Even though this ground is titled as a collateral attack on the voluntary nature of his guilty plea, a reading of Petitioner's underlying argument reveals that his real complaint deals once again with the determination of drug quantity. In support of ground two, Petitioner states:

> At time of sentencing and proceedings of plea admission, the Court misrepresented the law governing the finding of drug quantity at sentencing. The fact finding by judges was invalidated in successive Court rulings such that I was misled to believe the Judges still had authority to find drug quantity, a system that is a misrepresentation of law, making my plea involuntary and unknowingly [sic], and sentence imposed violated the Sixth Amendment. Involuntary, unknowingly and misrepresentation of law by Court invalidated my waiver.

This argument is another way of attacking the same issue dealing with the Court's determination of the drug quantity. Petitioner contends that a judicial determination of drug quantity is contrary to the law. Given the proceedings in this case, he is wrong.

For the same reasons expressed as to ground one, ground two will also be denied.

### Conclusion

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is DENIED.

2. The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at Dkt.#198, in the underlying criminal case, case number 8:04-cr-246-T-30TBM.

**DONE** and **ORDERED** in Tampa, Florida on June 14, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2006\06-cv-793.deny 2255 Matute Santos.wpd